MEMORANDUM OPINION

 

No. 04-10-00086-CR

 

Jolinda Salazar,

Appellant

 

v.

 

The State of Texas,

Appellee

 

From the 63rd
Judicial District Court, Val Verde County, Texas

Trial Court No. 11,056-CR

The Honorable Enrique
Fernandez, Judge Presiding

 

Opinion by:   Sandee Bryan Marion, Justice

 

Sitting:                     Karen Angelini, Justice

                     Sandee
Bryan Marion, Justice

                     Phylis
J. Speedlin, Justice

 

Delivered and
Filed:  November 10, 2010

 

AFFIRMED

 

Appellant, Jolinda
Salazar, was charged with aggravated assault with a deadly weapon, but the jury
found her guilty of the lesser-included offense of assault causing bodily
injury.  The trial court assessed punishment at eight months’ confinement and a
$1000.00 fine.  In two issues on appeal, appellant challenges the legal
sufficiency of the evidence in support of the jury’s verdict and the trial
court’s denial of her motion for a directed verdict.  We affirm.

DISCUSSION

A motion for a directed
verdict is a challenge to the legal sufficiency of the evidence. Williams v.
State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).  Therefore, we review
both of appellant’s issues on appeal under the same standard.  We review the
legal sufficiency of the evidence by determining whether, after considering all
the evidence in the light most favorable to the verdict, a jury was rationally
justified in finding guilt beyond a reasonable doubt.  See Brooks v. State,
No. PD-0210-09, 2010 WL 3894613, at *8, 14 (Tex. Crim. App. Oct. 6, 2010). 

Officer Gabriel Soriano,
with the City of Del Rio Police Department, was called to a scene at the El
Tacayo Bar in the early evening hours on February 17, 2007.  When he arrived he
saw two women standing outside the bar, one of whom was the complainant Maria
Villareal.  He said Villareal was “crying, hurting” and she had multiple
injuries, to her eye, face, and lower neck.  After calling for EMS, Soriano’s
investigation revealed Villareal had been assaulted inside the bar by Eleno
Balboa and appellant, Jolinda Salazar, both of whom had fled the scene.  Once
inside the bar, Soriano discovered a broken pool stick and that the felt on the
pool table was wet from alcohol as if someone had thrown or dropped a drink. 
Later tests did not reveal any fingerprints or blood on the pool stick. 
Soriano spoke to several people inside the bar, none of whom saw anything. 
During the investigation, another police officer saw Balboa drive by the bar. 
This officer followed the car and stopped it about one block away.  Balboa and
appellant were inside the car and were arrested. 

Villareal testified she
was playing pool with two other people when Balboa and appellant arrived at the
bar.  Balboa said something to Villareal that she did not hear, so she stepped
closer to him and he said “you owe me money.”  When Villareal said “what are
you talking about,” Balboa hit her in the face with a beer bottle.  Villareal
then felt “a couple of hits” on her neck and, as she turned, appellant tugged
Villareal’s hair and started to hit her again with the pool stick.  At this
point they both lost their balance and fell to the floor.  Villareal said she
could hear the bartender yelling “let her go.”[1] 
When the police arrived and Villareal said she wanted to press charges, she
hand-wrote a statement in which she stated “he” hit her with a pool stick.  At
trial, Villareal said she meant to write “she,” and she explained her
handwriting was messy because she used the hood of the police car to write her
statement, it was dark and cold outside, and she was shivering.

After reviewing the
record, we conclude this evidence is legally sufficient to support the jury’s
verdict; therefore, the trial court did not err in denying appellant’s motion
for a directed verdict.

CONCLUSION

We overrule appellant’s
issues on appeal and affirm the trial court’s judgment.

 

 

Sandee Bryan Marion, Justice

 

Do not publish

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 









[1] The bartender did not testify because
she was out of state.